**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ARIEL ACEVEDO,** ) | **CASE NO. 4:16 CV 2834** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **STEVE MERLAK,** ) | |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Ariel Acevedo is a prisoner confined by the Bureau of Prisons in the Federal Correctional Institution in Elkton, Ohio. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his security classification. He contends staff at FCI Elkton arbitrarily and capriciously assigned him a "Public Safety Factor" (PSF) for serious telephone abuse after he was transferred to Elkton. He disputes the PSF, and contends it was applied to him only in order to render him ineligible for placement in a minimum security camp. He contends this violates due process.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under

Section 2254 in the United States District Courts (applicable to §2241 petitions pursuant to Rule 1(b)).

The Court must dismiss the Petition. "It is well established that challenges to a prisoner's classification or place of confinement, such as . . . security classification challenges . . . are 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331." *Owen v. Sepanek*, No. 14-CV-158-HRW, 2014 WL 6610169, at *3 (E.D. Ky. Nov. 19, 2014) (collecting cases). Further, a writ of habeas corpus may be granted pursuant to §2241 if the prisoner is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. §2241(c)(3). Federal prisoners have no constitutional interest in being placed in any particular prison, or in a particular security classification. *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004).

Accordingly, Petitioner has no cognizable claim for habeas corpus relief, and his Petition is dismissed pursuant to pursuant to §2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                               s/ Dan Aaron Polster         1/25/2017
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE